Wharton v. Furrer, Mr. Burns Good morning. Konnichiwa. May it please this Honorable Court, my name is Andrew Burns and I represent the appellant James Furrer. This is the appeal of a district court's decision after a two-day bench trial and the issue before the court or the issues center around Mr. Furrer's personal liability under the Indiana Minimum Wage Law to two employees of an LLC of which he was a single member. I'd like to quote from the appellee's brief because I think one quote from there ties into the three points I'd like to make to this court. And at page 12 of that brief it says, During the trial, Furrer presented no evidence that he was not an employer under the Indiana Minimum Wage Law. That's interesting for a couple of reasons. First, in Indiana, I think most of the states with just circuit covers, we honor the corporate form where it's been honored itself and we afford the members of that LLC or the shareholders or officers of those corporations the protections that those corporate entities allow. Second, that comment is interesting because it seems to suggest that the burden of proof could be shifted to Mr. Furrer to prove that he wasn't an employer. I think we have some miscommunication in the briefing, but I'm guessing the court can see it, about whether or not Mr. Furrer could be an employer. I don't think there's any doubt he could be. The Indiana Minimum Wage Law says individuals can be employers, just like LLCs, S-corps, C-corps, partnerships, et cetera. That's not the issue. The issue is, was he the employer of these two gentlemen, Mr. Warden and Mr. Ferguson? Right, and everybody knew when the case went on trial that the issue of whether Furrer was personally liable was outstanding, right? Absolutely, Judge Williams. Okay, so why didn't you propose a finding that Furrer was not an employer? I have no idea why trial counsel did not propose a finding and used the collective defendants in submitting their proposed findings. So my question is, why should we disrupt the magistrate judge's finding that Furrer was an employer under the Indiana Minimum Wage Law? Are you just saying that the finding was against the weight of the evidence, even though there was no evidence presented to the contrary? That's essentially it, Judge Williams. Arguments, which the proposed findings are, because we have a jury instruction in this circuit that talks to that, or in the Southern District of Indiana, I should say, that talks to that, and because Judge Dinsmore here had said, prior to receiving the submission of those proposed findings, the evidence is closed. So there's a couple of different reasons, not to mention I think it's all kind of in the back of our heads that arguments of folks like me, when we stand here, as much as we may think highly of ourselves, don't constitute evidence. So when you look at the record here, and it's not that long, I've tried to summarize it where they ask questions of Mr. Furrer and talk about employees and whatnot, so the court doesn't have to parse all of it, but there's not a single reference, question 2, answer from, or document, that suggests that Mr. Furrer employed these two gentlemen. He was indeed the sole member, which obviously then gave him decisions for hiring, setting wages, paying them, and ultimately dismissing them in the one case. Those are true, but there are lots of single-member LLCs out there, and if they could not be afforded corporate protections under the statute, then Indiana Code 232833 wouldn't exist. So we can't have that. And Judge Williams' question brought me to the third point of the three things about the interest and comment from the brief, and that was exactly that, that arguments and statements cannot form evidence or the basis for a court order finding liability absent something else. So let's talk about that and break it down a little more. Honoring requesting the corporate form I cited to the Indiana Code that deals with the Model Business Corporations Act and addresses the protections afforded to those folks, this court, as well as many others in interpreting that, Indiana courts have stated we're not going to hold shareholders, members, officers, directors liable for the acts of the entity unless they acted willfully, wantonly, illegally, et cetera. There is no evidence, and I believe that's been conceded by my esteemed colleague here, that any of those things occurred. If you look at Judge Dinsmore's findings, even he suggests it was somewhat mistakenly. There's a reference in a footnote in our brief to the fact that Mr. Firm mistakenly thought he could treat them as certain salaried people and then toward the end of their tenure changed that. So no willful, wanton, and certainly no illegal. So how do we get beyond the form? We don't. And again, the other way you might would be veil-piercing. And again, as admitted at the last page of Appley's brief, there is no argument on veil-piercing. There was no evidence submitted. There was no dishonoring of the corporate form. Mr. Firm testified late in the second day of trial that it was still valid and existing with the Secretary of State, which is a matter that this court can take notice of. Are you arguing that as a matter of statutory construction, the Indiana statute, unlike the Federal Labor Standards Act, does not permit an individual to be held liable as an employer even when there is a corporate employer? Not if they could be found to be joint employers. There are instances I can think of where you work from 8 to 5 for an entity owned by myself and my brother. But if you work for me afterwards, or we had another joint venture with a third party where my brother wasn't involved but I were, we could have joint employer relationships where tasks benefited both. And I could be held liable individually in that instance. But here we don't have that. Only in the joint employment situation. I should think so, Your Honor. There doesn't appear to be anything in the Indiana minimum wage law, like the Fair Labor Standards Act, or Indiana's wage claim statute that affords some liability on agents of entities. That's the distinction I drew out in the briefs between the Indiana wage claim statute and the minimum wage law, that it lacks that term. And can you help me with the Myers v. Myers case? How does that fit in? Your Honor, I'm not sure that I recall that off the top of my head. Was that cited by the Appellees in their brief? I'm not sure where it was cited, but it was certainly found in the Indiana Supreme Court case. Let me see if I can locate it from the address up there. I don't mean to take your time. Your Honor, I'm not finding any citation in any of the Myers v. Myers, you say, Your Honor? Yes, M-Y-E-R-S. M-E-Y-E-R-S, I'm sorry. I don't find it cited in either my brief or their brief, so I'm sorry, I can't really comment on that. I apologize, Your Honor. I wish I could. As far as you're concerned, this is an open question. In Indiana jurisdiction, There's certainly a paucity, if not complete absence of case law, saying whether an individual, and I guess I would see them in an agency capacity, because there's no doubt if I were an unincorporated individual who hired John Smith or Joni Smith to work for me, I could be liable under certain circumstances. That is not the argument we bring before this Court today. The question is where the payroll stubs and the various forms and the testimony elicited from all three witnesses at trial say that Proteus Pros, DBA Mr. Handyman, employed Mr. Wharton and Mr. Ferguson. Can we then jump to attach liability to Mr. Furr without more? And I think the answer is no. Assuming there's some factual basis here for finding that he is an employer, why shouldn't the doctrine of invited error or waiver apply to prevent your client from contesting the magistrate judge's finding? Well, Your Honor, the doctrine of invited error, as this Court's interpreted, applies more often where evidence is elicited or a document were to be proffered or some sort of argument would be advanced that baits, if you will, the trier effect into accepting given underpinnings for a ruling. Here, the most that can be said is that there was some sloppiness in trial counsel's submission of proposed findings in using the plural defendants as a general term. We've probably all fallen prey to it from time to time in writing a letter or using a singular plural, referring to a corporation as they instead of it. It happens, and when it happens, I feel badly, try to check my English, make my mother proud. In fact, that's what she taught. But in this instance, all that happened is post-evidence closure with nothing on the record to support it. And in fact, everybody's admission at the time of trial that that burden of proof still lay with Messrs. Ferguson and Wharton to prove Mr. Furr liable as an individual. We have a couple of lines that say defendants plural, and they're going to say you can grab that out of a post-trial submission and find him liable with nothing more. And I'd add one other thing. That still doesn't reach defendant Wharton because it didn't go there. And that's another thing that's interesting, kind of ties into the points I'm making, is Magistrate Dinsmore found that Mr. Furr didn't contest this liability finding against him and hearkens to the District Judge Young's summary judgment order. Well, Your Honors, with all due respect, I'll be darned if I can find anywhere in that order that there was liability found against Mr. Furr personally. And moreover, that order, if it's the underpinning, like possibly the post-trial submissions, Judge Williams, for a finding against Mr. Furr, will that summary judgment order by Judge Young happen pre-consolidation and again can't attach to Mr. Wharton? It could only apply to Mr. Ferguson because the cases hadn't been consolidated yet. So if the two bases that I see in the final order here are citation to proposed findings of fact by the defendant, Mr. Furr, or his collective counsel, and Judge Young's summary judgment ruling, well, neither apply to Mr. Wharton. So that has to be reversed. And I don't think the law would support us finding liability for individuals where a valid corporate form exists based on post-trial submissions. Mr. Burns, assuming that that wasn't the intention of Mr. Furr to say what the proposed findings suggest, why was it wrong for us to think that the magistrate judge took that as an admission? Is it solely because it's in the proposed findings that it's too late an admission? A reasonable reading of it could be that it's an admission of joint liability. Is it your position just because it's separated apart from any other piece of evidence that it can't be reasonably interpreted by the magistrate judge to be an admission? Judge Flanagan, there's a couple of things there. It is the last thing said on the record, so I get the point being made. But it's not the only thing, or maybe the most off-stated thing on the record. In our original brief, you might see that in answering multiple complaints by both parties, Mr. Furr repeatedly delineated himself from the combination and said, no, after making a legal objection and whatnot, I'm not personally liable. And he did it at least four or five times between the various amended pleadings in the then separate cases. Secondly, we come to trial, and interestingly for what Judge Dinsmore ultimately finds in his findings, Judge Dinsmore asks, after Mr. Condris makes a statement about the open issue of personal liability, Judge Dinsmore asks at the end of opening statements, so gentlemen, I think we've got an open issue here, asks it of both counsel, they confirm. So that burden of proof lay with Mr. Condris' client, with Messrs. Ferguson and Wharton at that time. And the comments from the trial counsel for my client had said, yes, that issue's still open, no concession. So you have the great weight of the evidence, if you will, Judge, that suggests that Mr. Furr did contest that fact, and it's little more than a scrivener's error after the close of evidence that leads to the conclusion. That and a very hard to decipher reliance on a summary judgment order that doesn't make the finding that Magistrate Dinsmore says it does. And if it's in there, I stand corrected, and there probably is a possibility of waiver  But then you get to the opening of trial, and these questions are asked on the record of the counsel, and they say, yes, this is still an issue. So I think that preserves the record, even if there was a finding, but there isn't. And I challenge you to look at the motion for summary judgment rulings to see if I'm wrong in any way, and I hope indeed that I'm not, after parsing it several times. So when a trial judge gets proposed findings and conclusions, the trial judge then, what you're suggesting, can't even draw any inference from what has been presented. It's argument. I suppose if it helps illuminate or connect... I mean, there was some evidence, because he was the one that hired and fired, and I understand there's no evidence as it related to the name on the payroll checks and the paperwork. Yes, ma'am. But there was some evidence to support that conclusion. There was evidence to support that Mr. Furman... That he was an individual. That he was intimately involved with the various, if you will, employment-related decisions and activities of these two gentlemen. Absolutely. And it's a single-member LLC, so I don't know how else that could be unless he were a single member who hired a manager, and oftentimes the economics just wouldn't allow such a thing. So we see it all the time as a practitioner who not only does this type of work, but helps form and develop companies. Oftentimes you are the chief cook and bottle washer, as they tend to say it. No, but I guess what I'm getting to, trying to see why it was unreasonable for the magistrate judge to rely on that and to rely on some of these facts that we've discussed, that he was the sole manager, member, and owner of Mr. Handyman, particularly in light of the FERS failure to contest it, to contest the proposed finding. At the time the findings were filed. I understand what the history is, but that's the point at the end. You have the proposed findings and conclusions, and you get to see that and you get to react to that, and there was no negative reaction to that. So I'm trying to get to why it was unreasonable for the magistrate to reach that conclusion. If I'm understanding, Your Honor, what you're saying is that trial counsel's last submission to the court said defendants, plural, and lumped them together. Exactly. When you're asking for was there no reaction, it wasn't just that Mr. Condris, on behalf of the appellees, submitted something, but indeed the very counsel for my client did. I see my time's up. May I conclude in answering your question? Thank you. It's not a great practice. It's not a beautiful thing. It's not what I want for my clients, but if we were to allow lawyers such as myself or any of my esteemed colleagues in this room to somehow move us away from what was presented at trial on the record through documents and live testimony, stipulations, and admissions, through the arguments at the end or the proposed findings, we'd do away with the need for trial altogether. So I submit strong public policy suggests that which is submitted after the close of evidence can't alter the record as it sits at the close. But, Mr. Burns, let's take what you just said. If we had no indicia of employment, and I appreciate your laying out what a single-member corporation is like, and you have uniquely in that setting the hiring, firing, the cheap bottle washer issues, so without describing how much that indicates employment, then you get a submission which is counsel's hopefully considered reflection on what went before. You don't think that's a little extra thumb on the scale of at least the counsel's view of the evidence such that an independent magistrate would view that as a conclusion that there's a joint in several? What you're saying is not ridiculous in my mind. I totally get it. Here's what I would say in response. We've all made what I might call Scribner's errors. No question. And to use the plural defendants as a shorthand to respond or put lengthy proposed findings together was indeed such Scribner's error. If during the trial, when asked up front by the magistrate sitting by designation, is this still an open issue? He said, no, not really. Then that would be one thing. If indeed any of the underpinnings, including the proposed findings, applied to both Ferguson and Wharton, it might make more sense, but it doesn't apply to Wharton. So you're saying there's no obligation on the part of the counsel when the findings and conclusions go in, this is the final word, to make any comment about what is the open issue in the case? No, I'm not saying that at all, Your Honor. No, because, see, that's a problem. See, that's the problem with your argument. This is the key issue. Nothing is said in the findings. I mean, it leaves the judge in a position where it's just a very difficult position when it's the open issue and there's no comment. So you're looking, yes, I know it's open. I know it's open. I'm looking through the findings. I don't see that it's contested anymore. Because there's nobody, you know, so, I mean, that's the problem. If I may, two points in response, Judge Williams. You may. One, that doesn't apply to Mr. Wharton, because there was no proposed finding that found him liable, and there's no underpinning for that. So Magistrate Dinsmore, in a minimum, kind of jumped the shark, so to speak, on that one. And secondly, indeed, it was the open issue and there was obligation to comment in that regard. Beyond that, you know, not being there at that time, I can't offer much more on that point other than to say that he must have relied on his verbal statements as an officer of the court in the courtroom and saying that remains an open issue at the start of trial and nothing was ever said again, and no evidence was asked of Mr. Furr, for example, were you their employer? Never asked. So that's all I can offer on that point. Thank you very much for your questions and your time. Thank you, Mr. Burns. Thank you very much, Mr. Condress. May it please the Court, my name is Robert Condress. I represent Michael Wharton and Ray Ferguson, who are the plaintiffs below and the appellees in this case. If I may, I'd like to address some of the issues raised by Mr. Furr. First, there was never an argument made by the plaintiffs, nor is there any indication in Judge Dinsmore's findings that there was any confusion over the burden of proving Mr. Furr's status as an employer. That burden rested with the plaintiffs, the plaintiffs presented evidence, and Mr. Furr was found to be an individual who is an employer under Indiana Code 22-2-3. Second, there was an argument made that proposed findings of fact and conclusions of law are not evidence. There is no suggestion being made by the plaintiffs, and there I don't think can be any interpretation of Judge Dinsmore's findings. The proposed findings were treated as evidence or supplement for evidence which was not presented at trial. They were a proposal. They were made in lieu of a closing argument after a two-day trial that was separated by about three months. Day one occurred in January. Day two occurred in April of last year. Is there some reason for that? There was, Judge. Mr. Ferguson had a massive heart attack during the middle of the trial on day one. The third argument that has been made is one that is not an issue, was not an issue before the trial court and is not an issue here, this argument that the plaintiffs should be viewed as having pierced some type of corporate veil because Mr. Furr took pro just pros and at some point in time made it a limited liability company. That argument was not made. That doesn't exist. That's not here before us. I think that the issues that, based on the questions that were asked, there is a distinction between the concept of invited error and waiver. Waiver could be based upon a mistake or an omission. I think invited error is far more compelling when we look to the position taken by a party in the litigation itself. What I think you'll find if you look at the record, and some of it is not relevant to this issue, so I'll try to limit myself to the issues raised in the briefs, there were certain strategy decisions made by Mr. Furr throughout the course of the trial. Mr. Furr was initially sued as an individual employer along with Proteus Pros LLC under the Fair Labor Standards Act. It's an easy distinction under Section 3D of the Fair Labor Standards Act. He is the only person that had operational control of that business. Mr. Furr at some point in time raised some issues before the court and in discovery saying, I am not an enterprise under the Fair Labor Standards Act, and the plaintiff's response was to say, would you stipulate to that fact? If so, you are an employer under Indiana's minimum wage law of 1965 because you have two or more employees. There was one issue that was not addressed in the appellant's reply brief, but it was brought up by the appellees. In the initial appellant's brief, the appellant argued on pages six and seven of that brief that Mr. Ferguson and Mr. Wharton did not name Mr. Furr as an individual defendant as defined by Indiana Code 22223. That was not the case, and I pointed out in our response that Mr. Furr and Proteus Pros were defined jointly and collectively referred to throughout the remainder of the two different complaints as Mr. Handyman. I think that issue, while in a reply brief that was not contested, it was also not corrected. So I do wish to raise that particular point. The issue that I would raise, and the one case that I looked at, it's a waiver case, but it involved proposed findings of fact and conclusions of law. It's the Good Pastor v. City of Indianapolis case. In that circumstance, a failure to raise a cogent argument in proposed findings was enough to find that a party had waived that issue for purposes of an appeal. Here we have more than a waiver, and this notion that there was a scrivener's error, if I may please. The proposed findings, I believe, were a strategy, and if you would please look at the concluding paragraphs 29 and 30 in the appendix, I believe it's the Mr. Furrow's proposed findings are on pages 53 through 57, so it will be at the end, but it's paragraphs 29 and 30. The strategy that Mr. Furrow chose after our trial was to argue to the court, presumably in an attempt to seem reasonable, there should be a judgment against the defendants, whom he defined in his opening paragraph as both Proteus Prose LLC and James Furrow, and then consistently defined paragraphs 1, 2, 3, 4, 5, 29, and 30. He referred in each and every case to defendants in the plural. Every single time. This is not an error, this is a choice. The choice that Mr. Furrow made for himself and for Proteus Prose LLC was to propose that Mr. Wharton receive a judgment of $112 and that defendants, including himself, receive a credit of more than $1,800 against Mr. Ferguson, which would more than offset the $500-some-odd, which it argued to the court if it believed it owed. That strategy did not work, but it was a choice. This is not a mistake, this is not a circumstance where he's being, he referred to the defendants in the plural one or two times. It was consistent, and it was eight different times in a very short proposed findings and conclusion. The issue, and Judge Williams, I believe you raised this, Judge Dinsmore put both attorneys on notice. Is the issue of Mr. Furrow's status as an individual who is liable under the Indiana Minimum Wage Law still an issue before the court? Both attorneys said yes. I think the argument that the court has before it, and this goes, I guess, with their burden of proof argument, is the distinction between some evidence and a lot of evidence. Plaintiffs presented evidence, the testimony of Mr. Wharton, Mr. Ferguson, and answers elicited from Mr. Furrow himself. And in addition to Mr. Furrow is the person who hired, Mr. Furrow is the person who made the wage decisions, Mr. Furrow is the person with operational control. The only question asked in testimony, and I will tell you that there were no pieces of documentary evidence about the LLC status presented. But the question asked of Mr. Furrow in the transcript, if you'll note, was is Proteus Pros an actual current limited liability company? And his response in front of Judge Dinsmore was, I haven't checked. That was the evidence that Judge Dinsmore had. The final issue is one of statutory construction. And I think that this is not the case for any court to decide the scope of the definition of employer or employee under Indiana Code 22223, because the record for the purposes of appeal has not been developed. That said, statutory construction involves giving words their plain meaning. Indiana, the two most analogous statutes to look at if there is going to be an interpretation of the definition of employer or employee, Indiana's Minimum Wage Law of 1965 defines the term employer through reference to the Fair Labor Standards Act. Essentially, you have two mutually exclusive laws. If you are an employer under the Fair Labor Standards Act, you cannot be an employer under the Indiana Minimum Wage Law of 1965. That law has Section 3D, and while the language is not the same in determining who can be an employer, it is similar. I think more important is to take a look at the scope of the interpretation of the term employer under the Indiana Wage Payment Statute, which is Title 2225. In that case, in Huff v. Biomet, which was reversed on some other grounds, the court took the broadest possible interpretation of employer to provide the protections of the wage statute to the employee. In the Minimum Wage Law, when it defines employer, it says any individual, any company. It uses the broadest possible language. So your position is for Mr. Handyman, and we're both employers jointly. Yes. And you said we don't have to pierce the corporate veil to get to that. Correct. This is a definitional approach. This is not any attempt to pierce any corporate veil. That would have added another expense and another layer to this litigation. And what you have, plainly, is a defendant that does not and has never wished to pay. If I may give some background, this is a company that called itself Mr. Handyman. My two clients were employed as handymen, and they were treated as overtime-exempt, salary-paid people. This was never a difficult misclassification case for purposes of overtime. I think Mr. Ferrer made choices. The choices didn't work. He employed certain strategies, and Judge Dinsmore was absolutely entitled to rely upon a proposal. Whether it be proposed findings of fact, we have cases of that invited order that talk about proposed jury instructions, this was a position statement taken by the defendant, Mr. Ferrer, and accepted by the court. I don't have any other presentation, but I'd be happy to answer any other questions. I guess not. Thank you. Thank you, Mr. Condis. Mr. Burns, your time had expired, but I'll give you an extra minute. We asked you a series of questions. You're right, Your Honor, and I'm happy to answer those questions. If there are any more, I'm happy to do so. May it please the Court. Interesting, we point to, our opposing counsel points to the fact that repeatedly used the pluralized defendants is kind of a shorthand or nomenclature, but I think this Court's savvy enough, has enough real-world experience to know those types of shorthands are used frequently, and sometimes they get us in trouble, and it's a great lesson in that. Look at the various complaints the plaintiffs filed in this case where they use a pluralized form, but then they get to a section of the complaint where they're pleading something particularly as to Mr. Ferrer, and you're left a little to wonder, did they intend to include Mr. Ferrer here? Because there's no reference to him, and yet they start referring to Mr. Handyman as an individual entity within a group definition such as plaintiffs. So the point of all of this, I believe, is that Mr. Ferrer can be an employer, but they've got to prove he was an employer, and the record doesn't support it, and as such, there may have been a burden shifting, which you can go as deep as de novo to review. And a tactical, even if that's what it is, or mere scrivener's error in a post-evidentiary submission doesn't change that record and allow us to find individuals liable when they're shielded by a corporation. I thank you for your time. The case is taken under advisement. The Court will proceed to the third case of the morning. Higgins v. Sorensen.